OPINION
Plaintiff-appellant State of Ohio appeals the January 30, 2002 Journal Entry of the Morgan County Court, which granted defendant-appellee Sheila Y. Keirns' motion to suppress.[1]
 STATEMENT OF THE FACTS AND CASE
On September 30, 2001, appellee was arrested for driving under the influence of alcohol and/or a drug of abuse, in violation of R.C.4511.19(A)(1); driving with a suspended license, in violation of R.C.4507.02; failure to display, in violation of R.C. 4503.21; possession of marijuana, in violation of R.C. 2925.14(C)(1); possession of drug paraphernalia, in violation of R.C. 2925.11(C)(1); and possession of Schedule II controlled substance, in violation of R.C. 2925.11(C)(3). Appellee was ordered to appear in Morgan County Court on October 1, 2001, at which time she entered a plea of not guilty to the charges. After filing a time waiver, appellee filed a motion to suppress. The trial court conducted a hearing on the motion to suppress on January 9, 2002.
Trooper Brody Sheppard of the Ohio State Highway Patrol was the sole witness to testify. Trooper Sheppard testified he was in his cruiser, patrolling St. Rt. 60 in Bloom Township, Morgan County, Ohio, during the early evening hours of September 30, 2001, when he observed a vehicle travel pass him. At the time, Trooper Sheppard had just finished a traffic stop. He entered his cruiser and followed the vehicle, pacing it at 60 mph. The trooper activated his lights and siren to initiate a stop. The vehicle turned into the Moose Lodge. Appellee was identified as the driver of the vehicle.
On cross-examination, Trooper Sheppard explained the procedure he follows while pacing a vehicle. During a pace, he sets a certain distance between his cruiser and the subject vehicle. Once the distance is achieved, the trooper maintains that distance and activates his radar unit to determine at what speed the cruiser is traveling, and which necessarily indicates the speed at which the vehicle being paced is traveling. Trooper Sheppard testified he paced appellee's vehicle for one mile and the most constant speed at which she traveled was 60 mph in a 55 mph zone. He noted appellee began to decelerate when he activated the lights and siren, at that point the speed limit had dropped to 50 mph.
Thereafter, the trial court questioned Trooper Sheppard. The trial court asked the trooper the location of the original traffic stop, as well as the location of the stop of appellee's vehicle. Trooper Sheppard responded he was stopped at mile post 18 when he initiated his pursuit of appellee, and stopped appellee at mile post 19. Via Journal Entry filed January 30, 2002, the trial court found Trooper Sheppard did not have a reasonable, articulable suspicion to stop appellee's vehicle.
It is from this judgment entry the State appeals, raising as it sole assignment of error:
 THE TRIAL COURT ERRED FOR FINDING THAT THERE WAS NOT REASONABLE ARTICULABLE SUSPICION TO STOP THE DEFENDANT.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Herein, the State maintains the trial court erred in finding Trooper Sheppard did not have a reasonable, articulable suspicion to stop appellee's vehicle. Specifically, the State submits the trooper's testimony he paced appellee's vehicle at a speed in excess of the posted speed limit provided sufficient cause to initiate the stop.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.[2] Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law.[3] Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.[4] As the United States Supreme Court held in Ornelas v. U.S.[5], ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
In its brief to this Court, the State argues:
 The trial court states that it was impossible for the Trooper to have paced the Defendant for a mile, based upon this finding the Court finds that there is no reasonable, articulable suspicion to stop the Defendant. The Court wishes us to make the intuitive leap that a pace must be established for a mile to establish a violation of speed limit. This is apparently based upon the Trooper's testimony that he likes to establish the pace at least up to a mile.[6]
However, a review of the trial court's journal entry as well as the transcript of the proceedings reveals the State has misinterpreted the trial court statement. The trial court made a credibility call based on Trooper Sheppard's entire testimony. As set forth in the Statement of Facts and Case, supra, the trooper testified he had just completed a traffic stop on St. Rt. 60 when he observed appellee's vehicle pass him.[7] The trooper proceeded to his vehicle, drove back onto St. Rt. 60, and followed appellee's vehicle.[8] Trooper Sheppard maintained a certain space between the vehicles and coordinated his speed with the speed of appellee's vehicle.[9] Based upon the tracking, the trooper determined appellee's vehicle was traveling a rate of 60 mph.[10] Trooper Sheppard also testified he followed appellee's vehicle for about a mile from the point where he started pacing her until he initiated the stop.[11] The trooper stated the traffic stop he had just completed when he observed appellee's vehicle was located at mile post 18.[12] Trooper Sheppard further noted the stop of appellee's vehicle was at mile post 19.[13]
As the trier of fact, the trial court is free to reject any or all of the testimony of the witnesses. Herein, the trial court did not find it possible for the trooper to have paced appellee's vehicle for a mile at a speed of 60 mph as he had testified. The court explained "because mathematically he would have had to drive much faster than sixty (60) miles per hour to even get in the position to pace [appellee], all within the one-mile observation."[14] The trial court simply made a credibility call. The entire incident occurred within a one mile stretch of highway between mile posts 18 and 19. The trial court obviously could not rectify the trooper's testimony with this fact.
Accordingly, we find the trial court did not err in finding the trooper did not have a reasonable, articulable suspicion to stop appellee's vehicle.
The State's sole assignment of error is overruled.
The judgment of the Morgan County Court is affirmed.
By: HOFFMAN, P.J., WISE, J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morgan County Court is affirmed. Costs assessed to appellant.
[1] Appellee has not filed a brief in this matter.
[2] See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein
(1991), 73 Ohio App.3d 486; State v. Guysinger (1993),86 Ohio App.3d 592.
[3] See: State v. Williams (1993), 86 Ohio App.3d 37.
[4] State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor
(1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v.Guysinger (1993), 86 Ohio App.3d 592.
[5] Ornelas v. U.S. (1996), 116 S.Ct. 1657.
[6] Brief of Appellant at 3.
[7] Tr. at 3.
[8] Tr. at 4.
[9] Id.
[10] Id.
[11] Tr. at 10.
[12] Tr. at 14.
[13] Tr. at 15.
[14] January 30, 2002 Journal Entry at 2, unpaginated.